IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO WESTERN DIVISION

| | | |
|---|---|---|
| Jane Doe 1 | ) | Case No. |
| Jane Doe 2, | | Judge |
|     Plaintiffs, | ) | |
| v. | | |
| Manish Gupta | ) | **MOTION TO PROCEED** |
| Raj K. Gupta | | **UNDEER PSEUDONYM** |
| Shraddha Gupta, | ) | |
|     Defendants | | |
| | ) | |

* * * * * * *

## I.   Introduction

Plaintiffs Jane Doe 1 and Jane Doe 2 in this action respectfully ask the Court to permit them to proceed under pseudonym. The facts of this case, as detailed in the Complaint, involve the sex trafficking of the Plaintiffs by an individual who sexually abused them through physical force and coercion. Plaintiffs fear reprisal from their trafficker should their identity become public knowledge in the context of this litigation.

Plaintiffs further wish to protect and guard against the release of their identity due to the highly personal and potentially stigmatizing sexual information which could forever be associated with their names if they were publicized. The facts and circumstances at issue in this litigation will require Plaintiffs to disclose information of the utmost intimacy. Accordingly, Plaintiffs' identities should be protected from public disclosure in court records at this time.

As such, Plaintiffs Jane Doe 1 and Jane Doe 2 request this Court to permit them to proceed pseudonymously and to require redaction of any identifying information filed in Court by any party to this action or third-party.

## II.     Facts

Plaintiffs Jane Doe 1 and Jane Doe 2 are human trafficking survivors who were each independently coerced to meet Defendant Manish Gupta in a hotel room, where, through means of force, he intentionally drugged them into unconsciousness and forced them to engage in nonconsensual sexual acts. (Compl. ¶ 2). Plaintiffs were escorts who consented to meet with Defendant on specified, previously agreed-upon terms, which Defendant blatantly disregarded by forcing them to engage in acts beyond the scope of consent, with their unconscious bodies. Defendant video recorded his interactions with them for his own personal gratification. (*Id*. ¶ 6).

Defendant was a medical provider in Toledo, Ohio and had access to a variety of controlled substances through his private practice which were illegally dispensed. (*Id*. ¶ 20). Through a federal search warrant of his office, officers located a plastic bag containing sex toys (anal beads and vibrator), an "Anal Eaze Insertz" device, a package of "Lube Tubes," a syringe, several cameras/tripods, several loose SD cards, as well as an SD card inside one of the cameras, a plastic baggie of loose pills, Diazepam suppositories, and vials of Diazepam and Ketamine. The vial of Ketamine was partly empty. The label on the vial of Ketamine advised, "For Slow Intravenous or Intramuscular Use." (*Id*. ¶ 79).

Agents viewed a thumb drive which contained several different videos of Defendant engaging in sex acts with four different unconscious women. The videos depicted at least three different cameras. In all the videos, Defendant appears naked with an erect penis. His face is visible to the camera, as he positions and re-positions the cameras and engages in the sexual acts. The women in the videos all have their genitalia exposed, as they lie on the bed and appear largely motionless unless physically moved by Defendant himself. (*Id*. ¶ 64). Agents viewed the contents of another SD card in one of Defendant's cameras in his private office and observed a video recording

of him having sex with another unidentified Caucasian woman who looked unconscious in what appeared to be a hotel room. An anal lube shooter was observed at one point in the video. The date displayed on the recording was December 17, 2019. (*Id.* ¶ 83).

Plaintiffs seek to protect against the release of their identity because of the explicitly graphic and personal nature of these traumatic experiences.

### III.     Law and Argument

Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). However, the Court "may excuse plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). To determine whether a Plaintiff's privacy interests outweigh the presumption in favor of openness, the United States Court of Appeals for the Sixth Circuit has identified factors to consider, including:

> Whether the plaintiffs seeking anonymity are suing to challenge governmental activity, (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy, (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution, and (4) whether the plaintiffs are children.

*Id.*

This case implicates *Porter* factor two because the Plaintiffs will undoubtedly be compelled to disclose information of the utmost intimacy for litigation. This case involves the rape and sexual assault experiences arising from and related to the Defendant's forceful actions upon the Plaintiffs. Sexual abuse, particularly the unique and invasive experiences suffered by the Plaintiffs, is certainly a matter of the "utmost intimacy," and thus pseudonymous status is appropriate. "Where the issues involved are matters of a sensitive and highly personal nature, the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private manner." *Plaintiff B. v. Francis*, 613 F. 3d 1310, 1318 (11th Cir. 2011).

Many courts allow rape victims to proceed under pseudonym status because the allegations often involve compelled sex acts that degrade and stigmatize the victim, and public disclosure might cause the victim additional unnecessary psychological trauma. *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195-96 (E.D.N.Y. 2006). "The public has an interest in protecting the identities of rape victims, who will feel more comfortable suing to vindicate their rights if they can proceed under a pseudonym." *Doe v. Dabbagh*, No. 15-cv-10724 (E.D. Mich. May 28, 2015); See*, e.g. Doe v. Penzato,* No. CV10-5154, 2011 U.S. Dist. LEXIS 51681 (N.D. Cal. May 13, 2011) (granting motion to proceed anonymously to plaintiff making allegations of sex trafficking and sexual assault); *Doe v. Blue Cross & Blue Shield* 112 F.3d 869, 872 (7th Cir. 1997) ("[F]icticious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses.").

Courts are often hesitant to allow plaintiffs to proceed pseudonymously when they sue a private party for monetary relief. Some courts are concerned about the unfairness to defendants and the public's interest in knowing who is using the courts. "Basic fairness" dictates that plaintiffs who publicly accuse defendants in civil suits "must sue under their real names." *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979). This hesitation by Courts is why Circuits have developed tests to determine whether a Plaintiff's privacy interests outweigh the presumption in favor of openness. The Sixth Circuit test explained above provides an avenue for victims to overcome this presumption when the facts indicate that proceeding pseudonymously is in the best interest of the plaintiff, so as to not deter civil suits when appropriate and provide them with appropriate safety protections.

The allegations by the two Plaintiffs in this case are very similar to those in *Doe v. Dabbagh,* where the United States District Court for the Eastern District of Michigan, Southern Division granted Doe's Motion to Proceed with Pseudonymous Status. In *Dabbagh*, the Plaintiff alleged that

the Defendant beat and raped her, and forced her to have sex with other men for money. "Such allegations are both private and degrading." *Id.* Additionally, the Plaintiff had taken precautions to prevent the use of her name, and no news articles covering the Defendant disclosed her identity. *Id.* Here, the Plaintiffs were drugged, trafficked, and raped by Defendant, while he recorded the experience for his personal benefit. This is unequivocally private and degrading. Furthermore, although there was significant news coverage of the Defendant's criminal trial, steps were taken to protect the identities of the Plaintiffs. The Court in *Dabbagh* noted that "there is a public interest in encouraging human trafficking victims to bring suit. While private suits for monetary damages compensate victims, they also deter illegal conduct and punish perpetrators." *Dabbagh*; *see Ditullo v. Boehm,* 662 F.3d 1091, 1098 (9th Cir. 2011) (noting that Congress's purpose in enacting the TVPA included "increased protection for victims of trafficking and punishment of traffickers.") "This manner of proceeding is most often utilized when there is the strong likelihood that the party would be held up to public ridicule or scorn." *Gomez v. Buckeye Sugars,* 60 F.R.D. 106, 107 (N.D. Ohio 1973).

      Because of the intimate, private, and degrading nature of the trafficking these Plaintiffs experienced, the Plaintiffs' privacy interests to proceed under pseudonym outweigh the presumption of openness.

### IV. CONCLUSION

Plaintiffs were subjected to severe acts of sexual degradation and violence while being trafficked. For the reasons stated herein, this litigation will involve the exposure of facts that are intensely intimate, with great potential to cause Plaintiffs to suffer public stigma, embarrassment, and traumatization. Plaintiffs therefore respectfully request that this Court grant their motion to proceed under pseudonym.

Respectfully submitted,

*/s/ Stephen Hartman*
Stephen Hartman, No. 007494
shartman@snlaw.com
Spengler Nathanson P.L.L.
900 Adams Street
Toledo, Ohio 43604
  PH: (419)-252-6227
Facsimile: (419)-241-8599

/s/ *Sarah Anjum*
Sarah Anjum, No. 0089387
sarah@anjumlaw.com
Advocating Opportunity
2 Maritime Plaza, First Floor
Toledo, Ohio 43604
Telephone: 419-344-5106
Facsimile: 419-458-3134
*Counsel for Plaintiffs Jane Doe 1 and Jane Doe 2*

**CERTIFICATION**

I hereby certify that on this 26th day of June 2022 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Sarah Anjum*
*/s/ Stephen Hartman*
Sarah Anjum
*Attorney for Plaintiffs Jane Doe 1 and Jane Doe 2*

Case: 3:22-cv-01122  Doc #: 2  Filed: 06/26/22  7 of 7.  PageID #: 35