UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jane Doe 1, *et al.*,   Case No. 3:22-cv-1122

    Plaintiffs,

v.   MEMORANDUM OPINION
AND ORDER

Manish Gupta, *et al.*,

    Defendants.

On June 26, 2022, Plaintiffs filed a complaint seeking damages resulting from sexual assault. (Doc. No. 1). Plaintiffs also filed a motion to proceed pseudonymously. (Doc. No. 2). Defendant Manish Gupta opposed the Plaintiffs' request. (Doc. No. 38).[1] For the following reasons, I grant Plaintiffs' motion to proceed under a pseudonym.

As a general matter, a complaint must state the name of all parties. Fed. R. Civ. P. 10(a). In certain circumstances a court can permit an individual to proceed under a pseudonym if their "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). But "[p]roceeding pseudonymously is the exception rather than the rule[.]" *Doe v. Univ. of Akron*, No. 5:15-cv-2309, 2016 WL 4520512, at *2 (N.D. Ohio Feb. 3, 2016). Whether to grant permission to proceed under a pseudonym lies within the discretion of the court. *Id.*

---

[1] Due to service issues, M. Gupta did not receive the motion to proceed pseudonymously at the time of filing. Plaintiffs acknowledged this oversight and consented to M. Gupta's filing an opposition. (Doc. No. 36 at 3).

When evaluating such a request, courts consider: (1) whether the suit challenges governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information of the utmost intimacy; (3) whether the litigation compels the plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a minor. *Porter,* 370 F.3d at 560. Courts may also consider "whether the plaintiff would risk suffering injury if identified and whether the defendant would be prejudiced by the plaintiff's proceeding anonymously." *Doe v. Fedex Ground Package Sys., Inc.*, No. 3:21-cv-395, 2021 WL 5041286, at *5 (M.D. Tenn. Oct. 29, 2021) (citing *Plaintiff v. Wayne State Univ.,* No. 20-cv-11718, 2021 WL 243155, at *7 (E.D. Mich. Jan. 29, 2021)) (further citation omitted).

Plaintiffs' motion advances the request for anonymity based upon the second *Porter* factor – disclosure of information of the utmost intimacy. (Doc. No. 2). The allegations in the complaint suggest Plaintiffs consented to engage in certain sex acts with M. Gupta, but then M. Gupta drugged them and forced each to engage in nonconsensual sex acts while unconscious. (Doc. No. 23). M. Gupta also videotaped the Plaintiffs without their consent while they were unconscious and being subjected to M. Gupta's sexual assault. (*Id.*). Plaintiffs argue "the intimate, private and degrading nature" of these experiences warrant proceeding under a pseudonym. (Doc. No. 2 at 5).

Judge Murphy from the Eastern District of Michigan succinctly summarized the competing interests at play in these types of cases:

> On the one hand, many courts allow rape victims to proceed under pseudonyms, at least until trial. The allegations often involve compelled sex acts that degrade and stigmatize the victim. Public disclosure might cause the victim additional and unnecessary psychological trauma. The public has an interest in protecting the identities of rape victims, who will feel more comfortable suing to vindicate their rights if they can proceed under a pseudonym. And the defendant faces the same public exposure regardless of whether the victim's name is exposed.
>
> On the other hand, many courts are concerned about unfairness to the defendant and the public's interest in knowing who is using the courts. Basic fairness dictates that plaintiffs who publicly accuse defendants in civil trials must sue under their real names. Courts are especially hesitant to allow plaintiffs to proceed pseudonymously

>when they sue a private party for monetary relief. Unlike the government, private defendants have a special interest in their reputations. And unlike a criminal proceeding – prosecuted on behalf of the public when a victim may have little choice but to testify – private suits are voluntarily brought and monetary damages inure primarily to the benefit of the plaintiff, not to the public.

*Doe v. Dabbagh*, No. 15-cv-10724, 2015 U.S. Dist. LEXIS 194303, at *3-4 (E.D. Mich. May 28, 2015) (internal quotations and citations omitted).

The focus of M. Gupta's opposition is that the facts of this case do not warrant proceeding anonymously, particularly because Plaintiffs were adults at the time of the rapes, employed as escorts, and have not substantiated their allegations of psychological harm. (Doc. No. 38).

But being an adult does not preclude Plaintiffs from proceeding anonymously. *See, e.g.*, *Dabbagh*, 2015 U.S. Dist. LEXIS 194303; *Doe v. Streck*, 522 F. Supp. 3d 332 (S.D. Ohio 2021); *Doe v. Athens Cty.*, 22-cv-855, 2022 WL 787868 (S.D. Ohio Mar. 15, 2022). Rather, the court is concerned with the extent of the plaintiff's privacy interest. Here, although at least one plaintiff testified in open court during the sentencing phase of M. Gupta's criminal trial, the news coverage of his trial and conviction did not identify the plaintiffs to the community at large. *See, e.g., Dabbagh*, 2015 U.S. Dist. LEXIS 194303, at *5 (noting plaintiff had taken steps to conceal her identity to the media); *Doe by & through Doe v. St. Edward High Sch.,* No. 22-CV-440, 2022 WL 2717018, at *4 (N.D. Ohio July 13, 2022) ("Even when a plaintiff's immediate community knows about sexual assault allegations generally, that plaintiff can still proceed under a pseudonym to mitigate the additional trauma of having his name and assault committed to the public record.").

Plaintiffs' occupations do not render their privacy interests moot or lessen the offensive nature of M. Gupta's conduct. *Dabbagh*, 2015 U.S. Dist. LEXIS 194303, at *6 (even if plaintiff were a prostitute, it does not mean "Doe could not have a privacy interest in her sex life or the details of [the] abuse[,]" the allegations of abuse "are private and degrading regardless of any past choices that Doe may have made."). The allegations suggest M. Gupta treated Plaintiffs inhumanely – drugging,

3

raping, and videotaping them without their consent. Regardless of their profession, the Plaintiffs have an appreciable interest in keeping such degrading occurrences private.

Courts have relied upon testimony of treating mental health professionals to determine whether to permit plaintiffs to proceed pseudonymously. *See Doe v. Fedex Ground Package Sys., Inc.*, No. 21-cv-395, 2021 WL 5041286 (M.D. Tenn. Oct. 29, 2021) (permitting one of two plaintiffs to proceed under a pseudonym because she substantiated her ongoing mental health treatment while the other plaintiff's claims were more speculative). While Plaintiffs did not attach support for their allegations of psychological harm, this claim is just one factor to be considered when determining if they may proceed anonymously. *See Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (when considering whether to permit proceeding under a pseudonym, the court may consider the *Porter* factors, along with others). M. Gupta concedes that at least one of his victims submitted evidence of mental health treatment during prosecution of his criminal case, (Doc. No. 38), but since Plaintiffs did not attach substantiation of their emotional distress, this failure weighs in favor of denying their motion.

M. Gupta also asserts prejudice to his defense if Plaintiffs are permitted to proceed anonymously. (*Id*.). But the concerns he has identified can be remedied with a protective order, a request for which is currently outstanding in this case. *See Dabbagh*, 2015 U.S. Dist. LEXIS 194303, at *6 ("Doe and Dabbagh can reach an agreement about how to maintain Doe's privacy."). M. Gupta already knows the identity of at least one of the Plaintiffs because she testified at his sentencing, and any other prejudice may be mitigated by "privately informing [defendant] of plaintiff's identity." *Doe v. Mitchell,* 2020 WL 6882601, at *6 (S.D. Ohio Nov. 24, 2020); *see also Doe v. City of Detroit*, No. 18-cv-11295, 2018 WL 3434345, at *2-3 (E.D. Mich. July 17, 2018) (concluding no prejudice to defendant when defense counsel is notified of and may utilize plaintiff's real name to seek discovery and during depositions while redacting her true identity from the public docket).

Furthermore, "there is a public interest in encouraging human trafficking victims to bring suit." *Dabbagh,* 2015 U.S. Dist. LEXIS 194303, at *5. "While private suits for monetary damages compensate victims, they also deter illegal conduct and punish perpetrators." *Id.* (citing *Ditullio v. Boehm*, 662 F.3d 1091, 1098 (9th Cir. 2011)).

I acknowledge the importance of public proceedings and, "[i]f this case goes to trial, of course, Doe may need to testify, and will have to stand publicly behind these accusations. But until that time, Doe's privacy interests outweigh any unfairness to [defendant] or the Court's policy of openness." *Dabbagh*, 2015 U.S. Dist. LEXIS 194303, at *5. (internal quotation marks and citation omitted). The discretion to permit pseudonymous litigation relies on fact-specific inquiries. In this instance, I find Plaintiffs' privacy interests outweigh the presumption in favor of open proceedings.

Accordingly, I grant Plaintiffs' motion to proceed pseudonymously. (Doc. No. 2). The parties shall address the issue of Plaintiffs' identities, and when Defendants are permitted to utilize those identities in discovery or depositions, in the proposed content of a separate protective order.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge