UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jane Doe 1, *et al.*,

        Plaintiffs,

v.

Manish Gupta, *et al.*,

        Defendants.

Case No. 3:22-cv-1122

MEMORANDUM OPINION
AND ORDER

## I.    INTRODUCTION

On March 19, 2020, Manish Raj Gupta was indicted by a federal grand jury on one count of sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. §§ 1591(a) and (b)(1), and one count of illegally dispensing a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(7). *See United States v. Gupta*, Case No. 3:20-cr-208 (N.D. Ohio). These charges arose from allegations that Manish had surreptitiously drugged women before engaging in sex acts with them without their consent. Manish subsequently pled guilty to both charges and my colleague, Judge James G. Carr, sentenced him to serve 235 months in prison.

On June 26, 2022, two of Manish's alleged victims initiated this litigation,[1] asserting claims against Manish, his father (Raj Gupta), and his now-former wife (Shraddha Gupta) arising under state and federal law for: (1) Forced Labor under 18 U.S.C. §§ 1589 and 1595; (2) Trafficking with respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor under 18 U.S.C. §§ 1590 and

---

[1] I previously granted Plaintiffs' motion to proceed using the pseudonyms "Jane Doe 1" and "Jane Doe 2." (Doc. No. 42).

1595; (3) Human Trafficking pursuant to California Civil Code § 52.5; (4) Action by Victim in Human Trafficking pursuant to Nevada Revised Statutes Annotated § 41.1399; (5) Human Trafficking pursuant to Ohio Revised Code § 2905.32; (6) Forced Labor and Labor Trafficking, Michigan Human Trafficking Victims Protection Act pursuant to Michigan Compiled Laws §§ 752.983 and 750.462(b); and (7) fraudulent transfer, pursuant to Ohio Revised Code § 1336.04. (Doc. No. 1).

I previously denied Manish's motion to dismiss, in which he argued that Plaintiffs failed to state a plausible claim for relief in Counts 1 and 2, and that Counts 3 through 7 should be dismissed because they did not contain a federal cause of action. (*See* Doc. No. 44). Manish now moves for judgment on the pleadings, arguing Counts 3 through 6 are barred by the applicable statutes of limitation and Count 7 should be dismissed because Plaintiffs have failed to state their claims of fraud with particularity. (Doc. No. 57-2). Plaintiffs filed a brief in opposition to that motion. (Doc. No. 63).

On December 13, 2023, Manish filed his answer to the First Amended Complaint and asserted a counterclaim against Jane Doe 1, in which he alleged Jane Doe 1 submitted invoices during his criminal sentencing proceedings which "do not represent actual damages incurred nor paid to said providers by Plaintiff Jane Doe 1." (Doc. No. 55 at 5). Plaintiffs move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Manish's counterclaim. (Doc. No. 58). Manish opposes that motion. (Doc. No. 62). Manish subsequently filed a motion for leave to amend his answer. (Doc. No. 82).

For the reasons stated below, I deny all three motions.

## II. BACKGROUND

I previously summarized the general allegations against Manish:

Manish previously was a board-certified plastic surgeon and owner of Artisan Surgery Center, LLC. Plaintiffs allege Manish began drugging and sexually assaulting

2

> women, including women like Plaintiffs who worked as escorts, as early as 2013. (Doc. No. 1 at 3). Manish allegedly used prescription drugs he obtained through his medical practice to incapacitate the women before filming himself performing sexual acts with them. Manish allegedly drugged and raped Jane Doe 2 in 2013, while on a business trip to Las Vegas, Nevada, and in 2017, while on a business trip to Detroit, Michigan. (*Id.* at 4-5). Manish allegedly drugged and raped Jane Doe 1 in 2016, while on a business trip to Los Angeles, California. (*Id.*). Plaintiffs allege Manish planned these assaults before his trips and that he would take a bag with sex toys, lubricants, a camera, and narcotics with him while he traveled. (*Id.* at 3, 7-10, 12-13).

(Doc. No. 44 at 2-3).

On March 19, 2020, Manish was indicted by a federal grand jury on one count of sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. §§ 1591(a) and (b)(1), and one count of illegally dispensing a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(7). *See United States v. Gupta*, Case No. 3:20-cr-208 (N.D. Ohio) ("*Gupta*"). Manish subsequently pled guilty to both charges. My colleague, Judge James G. Carr, as I previously stated, sentenced him to serve 235 months in prison and ordered Manish to pay restitution in the amount of $57,285 and a fine in the amount of $250,000. *Gupta*, Doc. No. 53, Case No. 3:20-cr-208.

### III. STANDARD

A motion for judgment on the pleadings filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and a Rule 12(b)(6) motion to dismiss are subject to the same standard. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Courts must read Rule 12(b)(6) in conjunction with Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to

3

relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir. 2008).

## IV.     ANALYSIS

### A. MOTION FOR JUDGMENT ON THE PLEADINGS

#### 1. Statute of Limitations

Manish moves for judgment on the pleadings as to Counts 3 through 6, arguing those claims are barred by the applicable state statutes of limitation. (Doc. No. 57-2 at 2). Plaintiffs oppose the motion, arguing (1) Manish waived this affirmative defense when he failed to include it in his answer, (2) Manish failed to carry his burden to show the limitations period expired before Plaintiffs filed suit, and (3) even if Manish carried his burden, Plaintiffs can establish an exception to the statutes of limitation. (Doc. No. 63).

The Federal Rules of Civil Procedure require a defendant to state the affirmative defense of expiration of the statute of limitations in the defendant's response to a plaintiff's complaint. Fed. R. Civ. P. 8(c)(1) and 12(b). While [f]ailure to plead an affirmative defense in the first responsive pleading to a complaint generally results in a waiver of that defense," *Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004), this is not always true. *See Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997) (noting "failure to plead an affirmative defense such as the statute of limitations does not invariably result in waiver"). Courts must look to the purpose of Rule 8(c), which is "to give the opposing party notice of the affirmative defense and an opportunity to respond," in determining whether an affirmative defense should be deemed to be waived. *Id.*

"Accordingly, courts have allowed an affirmative defense to be raised after the first responsive pleading when the opposing party had notice and did not demonstrate prejudice." *Clifton*

4

*v. Patrick*, No. 1:17-CV-01035, 2017 WL 4478248, at *2 (W.D. Tenn. Oct. 5, 2017) (citing *Stupak-Thrall v. Glickman*, 346 F.3d 579 (6th Cir. 2003), for the proposition that "the party opposing the statute of limitations defense is not prejudiced when he 'had a fair opportunity to respond' and was not 'unfairly surprised'"). The *Clifton* court concluded the plaintiff was not unfairly prejudiced when a defendant raised a statute of limitations defense that the defendant had not included in his answer because two other defendants had already raised the statute of limitations as an affirmative defense. *Clifton*, 2017 WL 4478248, at *2.

That principle holds true in this case as well. Both Shraddha and Raj raised the statute of limitations defense in their answers. (Doc. No. 10 at 4; Doc. No. 18 at 23; Doc. No. 25 at 27). Thus, Plaintiffs had notice this defense might be raised and have not demonstrated they suffered any prejudice from Manish's failure to include it in his answer.

But this does not mean Manish can prevail on his motion. Rule 12 motions are "generally an inappropriate vehicle for dismissing a claim based upon a statute of limitations" because courts considering such motions "may consider only the allegations in the complaint." *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022) (citations and internal quotation marks omitted). While claims may be dismissed if the complaint allegations "affirmatively show the claim is time-barred," it is the defendant's burden to show the statute of limitations in fact has run. *Id.* (citations and internal quotation marks omitted).

Manish failed to carry that burden here. An essential part of the statute-of-limitations inquiry is determining when the clock started. There are two general rules applicable to this question. The first is the "discovery rule," which provides the statute of limitations begins to run when a plaintiff knows or should have known certain facts related to the plaintiff's injury. *Id.* The second is the "occurrence rule, under which a claim accrues at the moment of injury." *Id.* Manish does not identify which of these rules might apply to Counts 3 through 6 – each of which involve a

5

different state's law – and Plaintiffs were not required to include this information in their complaint. *See, e.g., Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (noting Rule 8 requires a plaintiff make "'a short and plan statement *of the claim*'" and "generally need not plead the lack of affirmative defenses to state a valid claim") (quoting Fed. R. Civ. P. 8(a)) (emphasis added by *Cataldo*).

I deny Manish's motion for judgment on the pleadings based upon the affirmative defense of expiration of the statute of limitations because he failed to carry his burden to show Plaintiffs' claims are untimely.

### 2. Fraudulent Transfer of Assets

Manish also moves for judgment on the pleadings on Count 7, in which Plaintiffs assert a claim for fraudulent transfer of assets pursuant to Ohio Revised Code § 1336.04. Manish first argues Plaintiffs have failed to comply with Federal Rule of Civil Procedure 9(b), which requires plaintiffs to plead fraud claims with particularity. (Doc. No. 57-2 at 2-3). This argument is not persuasive.

The Supreme Court of Ohio has held a claim for fraudulent transfer pursuant to § 1336.04 is fundamentally different from a claim of common-law fraud. *Wagner v. Galipo*, 553 N.E.2d 610, 613 (Ohio 1990). Thus, Ohio Rule of Civil Procedure 9(B) does not apply to § 1336.04 fraudulent transfer claims because "many of the considerations that lead to the requirement of pleading with particularity under [Ohio Civil Rule] 9(B) in cases of common-law fraud are not present in an action for fraudulent conveyance." *Carter-Jones Lumber Co. v. Denune*, 725 N.E.2d 330, 333 (Ohio Ct. App. 1999) (citing *Wagner* for the proposition that "there is a substantial difference between an action for common-law fraud and a statutory action for fraudulent conveyance"). *See also Van-American Ins. Co. v. Schiappa, et al.*, 191 F.R.D. 537, 542 (S.D. Ohio 2000) (noting the Supreme Court of Ohio's decision in *Wagner* "is entitled to great deference" and holding Federal Civil Rule 9(b) does not apply

6

to § 1336.04 claims). I too conclude Rule 9(b) does not apply to Plaintiffs' § 1336.04 claim and deny Manish's motion on this basis.

Finally, Manish argues he is entitled to judgment on Count 7 because this claim is barred by the domestic relations exception. (Doc. No. 57-2 at 3). The domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). That exception "does not apply when the parties do not ask the federal court to perform these status-related functions – issuing a divorce, alimony, or child-custody decree – even if the matter involves married or once-married parties." *Chevalier v. Est. of Barnhart*, 803 F.3d 789, 797 (6th Cir. 2015).

I conclude Count 7 is not barred by the domestic relations exception because Plaintiffs do not seek the issuance or modification of a divorce, alimony, or child custody decree. Plaintiffs plead a claim for relief under Ohio law and seek damages for harm they allegedly suffered due to Manish's transfer of all of his assets to Shraddha. (Doc. No. 23 at 24-25).

Plaintiffs' allegations are substantially similar to those before the United States District Court for the Southern District of Texas in *Whitney National Bank v. Air Ambulance By B&C Flight Mgmt., Inc.*, No. CIV.A. H-04-2220, 2006 WL 3782857 (S.D. Tex. Dec. 19, 2006). In *Whitney*, a debtor sought the dismissal of a fraudulent transfer claim brought by a third-party creditor pursuant to Texas law, in which the creditor alleged the debtor sought to "hinder, delay, or defraud his creditors" by transferring all of his assets to his then-spouse in their divorce. *Id.* at *2. The court held the plaintiff's claims did not trigger the "application of the domestic relations exception because they are based on Texas fraudulent conveyance law and do not seek issuance or modification of a divorce or alimony decree." *Id.* at *5.

The same holds true in this case. The domestic relations exception does not bar Plaintiffs' fraudulent transfer claim because that claim seeks damages pursuant to an Ohio statute and does not

7

seek to modify Manish and Shraddha's divorce decree. I deny Manish's motion for judgment on the pleadings on this basis.

### B. MOTION TO DISMISS

Plaintiffs move to dismiss Manish's counterclaim, arguing he cannot pursue his claim because he was required to appeal Judge Carr's restitution order in his criminal case in order to challenge the content of that order and this court lacks subject matter jurisdiction over Manish's claim in these civil proceedings. (Doc. No. 58 at 1-2). Manish argues he is not challenging Judge Carr's order and instead seeks to recover damages he suffered when Jane Doe 1 allegedly committed "fraud on the court," (Doc. No. 55 at 5), by submitting fraudulent invoices during the restitution proceedings. (Doc. No. 62 at 1-2).

Plaintiffs fail to show they are entitled to relief at this time. The party seeking relief pursuant to Rule 12(b)(6) "has the burden of proving that no claim exists." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). This burden "is a burden of explanation; since the movant is the one seeking dismissal, it is the one that bears the burden of explaining—with whatever degree of thoroughness is required under the circumstances—why dismissal is appropriate for failure to state a claim." *Thomas v. Tenn. Dep't of Human Servs.*, No. 3:21-CV-00426, 2022 WL 2286780, at *5 (M.D. Tenn. June 23, 2022).

Plaintiffs have not done so. They note that a criminal defendant must challenge his sentence, including the restitution portion, on appeal or appropriate post-conviction collateral proceedings and that the parties are bound by Judge Carr's entry of judgment and conviction. (Doc. No. 58 at 1-2). But they do not explain how or why those principles of law categorically prohibit Manish from pursing a claim for fraud on the court and it would be inappropriate for me to fashion such an argument for them.

I conclude Plaintiffs fail to show they are entitled to relief and deny their motion to dismiss.

### C. MOTION FOR LEAVE TO AMEND

Finally, Manish moves, pursuant to Rule 15, for leave to amend his answer to assert the affirmative defenses of the statutes of limitation and lack of subject matter jurisdiction. (Doc. No. 82).

Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

Under Rule 16(b), a district court must issue a scheduling order limiting, among other things, the time to amend the pleadings. Fed. R. Civ. P. 16(b)(3). The scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether good cause exists to modify a scheduling order, a court should consider "the diligence of the party seeking the extension" and "whether the opposing party will suffer prejudice by virtue of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). When a scheduling order deadline has passed, "a plaintiff first must

show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary*, 349 F.3d at 909.

On December 13, 2023, following a case management conference in which Manish participated, I set a deadline of January 9, 2024, for the parties to file any amended pleadings without leave of court. (Doc. No. 54). Therefore, Manish must first satisfy the requirements of Rule 16 before I consider whether he is entitled to leave to amend his complaint under Rule 15.

But Manish has made no effort to explain why Rule 16 does not bar his motion. In particular, he fails to show he had good cause for failing to seek leave to amend before now. Nearly nine months passed between the deadline to amend the pleadings and Manish's motion for leave to amend. And Manish has been on notice for over eight months that his initial answer did not include the affirmative defense of expiration of the statute of limitations. (*See* Doc. No. 63). He offers no explanation for the delay.

Moreover, even if Manish could establish good cause for failing to seek leave at an earlier date, he has not shown he is entitled to leave to amend his answer. I already have permitted him to assert the statute-of-limitations defense. And amendment of his answer to include the affirmative defense of lack of subject matter jurisdiction would be futile. There is no question that 28 U.S.C. § 1331 provides for subject matter jurisdiction over Plaintiffs' federal claims and that 28 U.S.C. § 1367 provides for supplemental jurisdiction over Plaintiffs' related state-law claims.

Therefore, I deny Manish's motion for leave to amend his answer.

## V. CONCLUSION

For the reasons stated above, I deny Defendant Manish Gupta's motion for judgment on the pleadings and his motion for leave to amend his answer. (Doc. Nos. 57 and 82). I also deny Plaintiffs' motion to dismiss Manish's counterclaim. (Doc. No. 58).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge