UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jane Doe 1, *et al.*,  Case No. 3:22-cv-1122

    Plaintiffs,

v.  MEMORANDUM OPINION
AND ORDER

Manish Gupta, *et al.*,

    Defendants.

## I. INTRODUCTION

On March 19, 2020, Manish Raj Gupta was indicted by a federal grand jury on one count of sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. §§ 1591(a) and (b)(1), and one count of illegally dispensing a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(7). *See United States v. Gupta*, Case No. 3:20-cr-208 (N.D. Ohio). These charges arose from allegations that Manish had surreptitiously drugged women before engaging in sex acts with them without their consent. Manish subsequently pled guilty to both charges. On June 26, 2022, two of Manish's victims initiated this litigation,[1] asserting claims against Manish, his father (Raj Gupta), and his now-former wife (Shraddha Gupta) under state and federal law. (Doc. No. 1); (*see also* Doc. No. 23).

On December 11, 2024, Manish filed an amended counterclaim, (Doc. No. 106), after I granted him leave to do so. (Doc. No. 105). Plaintiffs moved to dismiss the amended counterclaim.

---

[1] I previously granted Plaintiffs' motion to proceed using the pseudonyms "Jane Doe 1" and "Jane Doe 2." (Doc. No. 42).

(Doc. No. 109).  Manish filed a brief in opposition.  (Doc. No. 113).  For the reasons stated below, I grant Plaintiff's motion.

## II.    BACKGROUND

I briefly summarized the underlying criminal proceedings in my September 27, 2023 Memorandum Opinion and Order:

> Manish previously was a board-certified plastic surgeon and owner of Artisan Surgery Center, LLC.  Plaintiffs allege Manish began drugging and sexually assaulting women, including women like Plaintiffs who worked as escorts, as early as 2013. (Doc. No. 1 at 3).  Manish allegedly used prescription drugs he obtained through his medical practice to incapacitate the women before filming himself performing sexual acts with them.  Manish allegedly drugged and raped Jane Doe 2 in 2013, while on a business trip to Las Vegas, Nevada, and in 2017, while on a business trip to Detroit, Michigan.  (*Id.* at 4-5).  Manish allegedly drugged and raped Jane Doe 1 in 2016, while on a business trip to Los Angeles, California.  (*Id.*).  Plaintiffs allege Manish planned these assaults before his trips and that he would take a bag with sex toys, lubricants, a camera, and narcotics with him while he traveled.  (*Id.* at 3, 7-10, 12-13).

(Doc. No. 44 at 2-3).

On April 27, 2021, Manish pled guilty to both counts as charged in the indictment.  *United States v. Gupta*, Case No. 3:20-cr-208, (Doc. No. 39).  Judge Carr sentenced Manish to a term of 235 months in prison and 10 years on supervised release.  *Id.*, (Doc. No. 53).  He also ordered Manish to pay a $250,000.00 fine, as well as restitution in the amount of $57,285.00.  *Id.*  Manish appealed the restitution portion of the judgment entry, but the United States Court of Appeals for the Sixth Circuit dismissed the appeal after concluding Manish knowingly and voluntarily waived his right to appeal the restitution amount.  *United States v. Gupta*, No. 21-4140, (Doc. No. 33) (6th Cir. June 27, 2023).

In his amended counterclaim, Manish contends the invoices Jane Doe 1 submitted in support of her restitution request "do not represent actual damages incurred and/or were not paid to said providers" by Jane Doe 1.  (Doc. No. 106 at 2).  He asserts claims for negligent and

2

fraudulent misrepresentation, as well as unjust enrichment "as a result" of those alleged misrepresentations. (*Id.*).

### III. DISCUSSION

Plaintiffs move to dismiss Manish' counterclaim, arguing: (1) it is barred by the doctrine of *res judicata*; (2) he is estopped from contesting his restitution order; (3) he fails to state a plausible ground for relief; and (4) he would be unjustly enriched if granted relief because his ex-wife paid the restitution, and not Manish. (Doc. No. 109). I conclude Manish fails to state a claim upon which relief may be granted and do not reach Plaintiffs' other arguments.

Rule 12 permits a defendant to move to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Courts must read Rule 12(b)(6) in conjunction with Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir. 2008).

Rule 9 carves out an exception to the notice pleading standard. That Rule provide that "[i]n alleging fraud . . . a party must states with particularity the circumstances constituting fraud . . . ."

3

Fed. R. Civ. P. 9(b). Pursuant to Rule 9(b), a claimant must allege the time, place, and content of the allegedly fraudulent misrepresentation. *See, e.g., U.S. ex rel. Marlar v. BWXT Y-12, L.L.C.*, 525 F.3d 439, 444 (6th Cir. 2008) (citations omitted).

Manish has not pled a plausible claim for fraudulent misrepresentation. "It is well-established law in Ohio that a fraud claim may not be based on a misrepresentation made to a third party." *Wiles v. Miller*, 3 N.E.3d 226, 239 (Ohio Ct. App. 2013) (noting a party cannot pursue an action for fraud "where the fraudulent representations were not made directly to him to induce him to act on them in matters affecting his own interests.") (citation and internal quotation marks omitted). Even if I were to accept as true Manish's conclusory allegation that Jane Doe 1 fraudulently misrepresented her damages in submitting her restitution request to Judge Carr, he does not allege she made any such misrepresentations directly to him. (*See* Doc. No. 106 at 1-2). Therefore, he has not plausibly alleged a fraudulent misrepresentation claim.

In his opposition brief, Manish also seeks to characterize his counterclaim as one for "fraudulent inducement," contending that his claim arises from "the quasi-contractual issue of the applicability of the criminal court ordered restitution payment in [principle] to the facts of the criminal case." (Doc. No. 113-1 at 2). But Manish did not make any reference to "fraudulent inducement" in his amended counterclaim, (*see* Doc. No. 106), and he cannot amend his pleading through his opposition brief. *See, e.g., Travelers Cas. & Sur. Co. of Am. v. Perk Co., Inc.*, No. 1:21-CV-1940, 2025 WL 987695, at *3 (N.D. Ohio Apr. 2, 2025) (citing *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020); *Lucid Health, Inc. v. Premier Imaging Ventures, LLC*, No. 2:20-CV-01055, 2020 WL 4933919, at *3 (S.D. Ohio Aug. 24, 2020)). Moreover, Jane Doe 1's right to restitution in Manish's criminal case was a statutory right, not a contractual one. *See* 18 U.S.C. §§ 1593 and 3663A.

4

Nor has Manish plausibly alleged a claim for negligent misrepresentation. Ohio law permits a party to bring a claim for negligent misrepresentation against:

> [O]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, *supplies false information* for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Leal v. Holtvogt*, 702 N.E.2d 1246, 1253 (Ohio Ct. App. 1998) (quoting *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 684 N.E.2d 1261, 1269 (Ohio 1996) (emphasis in *Textron*) (quotation marks omitted)).

Thus, a negligent misrepresentation claim requires: "(1) a defendant who is in the business of supplying information; and (2) a plaintiff who sought guidance with respect to his business transactions from the defendant." *Malek v. eResearch Tech., Inc.*, 199 N.E.3d 573, 584 (Ohio Ct. App. 2022) (citations and quotation marks omitted). Manish has not plausibly alleged any of the required elements of a negligent misrepresentation claim. Therefore, I grant Plaintiffs' motion to dismiss this claim as well.

Finally, I also dismiss Manish's unjust enrichment claim. Under Ohio law, "unjust enrichment is a claim under quasi-contract law against a person in receipt of benefits that he is not justly and equitably entitled to retain." *Crawford v. Hawes*, 995 N.E.2d 966, 975 (Ohio Ct. App. 2013) (citing *Hummel v. Hummel*, 14 N.E.2d 923 (Ohio 1938)). As I noted above, Jane Doe 1's right to restitution arose under federal criminal law, not Ohio contract law. Therefore, Manish has not pled a plausible claim for relief.

## IV. CONCLUSION

For the reasons stated above, I grant Plaintiffs' Rule 12(b)(6) motion to dismiss Defendant Manish Gupta's counterclaim. (Doc. No. 109).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge