UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jane Doe 1, *et al.*,

Plaintiffs,

v.

Manish Gupta, *et al.*,

Defendants.

Case No. 3:22-cv-1122

MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION AND BACKGROUND

Defendant Manish Raj Gupta seeks an Order permitting him to serve subpoenas pursuant to Federal Rule of Civil Procedure 45 by certified mail. (Doc. No. 130). Gupta argues that, due to his incarceration following his conviction for sex trafficking by force, fraud, or coercion and illegally dispensing a controlled substance, he is unable to effect personal service of the subpoenas or identify and hire a process server. (*Id.* at 1). Plaintiffs Jane Doe 1 and Jane Doe 2 indicated they do not take a position on the motion. (Doc. No. 137). Defendant Shraddha Neotia did not file a response to Gupta's motion. For the reasons stated below, I deny the motion.

## II. DISCUSSION

Rule 45 provides that "[a]ny person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). "Proving service, when necessary, requires filing with the issuing

court a statement showing the date and manner of service and the names of the persons served." Fed. R. Civ. P. 45(b)(4).

The United States Court of Appeals for the Sixth Circuit has not weighed in on the question of whether Rule 45(b)(1) requires personal service of a subpoena. *See, e.g., OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 753 (E.D. Mich. 2011); *Powell v. Time Warner Cable, Inc.*, No. 2:09-CV-00600, 2010 WL 5464895, at *3 (S.D. Ohio Dec. 30, 2010). Most courts to consider this question have concluded "'personal service is required, as only such service can ensure that the non-party has the opportunity to object to the subpoena.'" *Colors + v. Colors+ Counseling, LLC*, No. 1:25-cv-78, 2025 WL 3753995, at *3 (N.D. Ohio Dec. 29, 2025) (quoting *Hale v. Bunce*, No. 1:16-cv-02967, 2017 WL 10978845, at *2 (N.D. Ohio Oct. 3, 2017)).

But in some circumstances, courts have "authorized service by certified mail or other means if the method of service is accomplished in a manner that reasonably ensures the witness actually receives the subpoena," though such authorization often comes "only after the party requesting the accommodation diligently attempted to effective personal service." *Damsi v. Tarpstop, LLC*, No. 3:21-CV-0953, 2023 WL 9186657, at *11 (N.D. Ohio Oct. 19, 2023) (citations omitted). *See also OceanFirst Bank*, 794 F. Supp. 2d at 754 (citing cases).

Gupta seeks an order permitting him to serve subpoenas by certified mail. He asserts the fact of his incarceration prohibits him from personally delivering subpoenas and renders him "unable to identify, contact, or engage a process server." (Doc. No. 130 at 1). While I do not doubt that Gupta's incarceration makes it more difficult to effect service of subpoenas pursuant to Rule 45, I am not persuaded that it is appropriate for me to enter a blanket, prospective order permitting Gupta to issue subpoenas by certified mail.

First, the fact that Gupta is incarcerated is not relevant to a personal service requirement because Rule 45 dictates that a process server may not be a party to the underlying litigation. *See*

Fed. R. Civ. P. 45(b)(1) ("Any person who is at least 18 years old and not a party may serve a subpoena.").

Second, courts that have approved alternate methods of serving a subpoena only after the movant demonstrated he diligently attempted to effect personal service. *See, e.g., OceanFirst Bank*, 794 F. Supp. 2d at 754 (E.D. Mich. 2011) (concluding "service of a subpoena by alternate means [is permissible] once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort"). Gupta has not identified who he intends to subpoena or describe any efforts he has made to effect personal service on the witnesses subject to the subpoenas.

Courts that have concluded Rule 45 permits means of service other than personal service have done so only in very narrow circumstances. Gupta has not offered evidence to establish those circumstances are present here and, therefore, I deny his motion.

## III. CONCLUSION

For the reasons stated above, I deny Defendant Manish Gupta's motion for alternate service. (Doc. No. 130).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge